

1   Bryan Quesenberry
    197 East 100 North, Suite A
2   Payson, UT 84651
    801-473-9951
3   jbq.esq@gmail.com
    *Plaintiff/Relator*
4   Pro Se

**UNDER SEAL**

5

6   UNITED STATES DISTRICT COURT
    NORTHERN DISTRICT OF CALIFORNIA

7

8   UNITED STATES OF AMERICA, <u>ex rel.</u> BRYAN QUESENBERRY,

9          Plaintiff,

10  vs.

11  BAY WIRE, INC.; BIG DOG
    CONSTRUCTION; DYNAMIC
12  INTEGRATED SOLUTIONS, LLC;
    FILLMORE STREET RESTAURANT
13  PARTNERS, LP; G FAMILY, INC.;
    GIO CHA DUC HUONG
14  CORPORATION; INFOWORKS.IO,
    INC.; IWAMOTOSCOTT
15  ARCHITECTURE, LLP; KARP
    CAPITAL MANAGEMENT
16  CORPORATION; LA BAGUETTE,
    LLC; LABORATORY FAMILY
17  SERVICES, INC.; LARK AVENUE
    CAR WASH; LIGHTNING MOTORS
18  CORPORATION; M5 PARTNERS,
    INC.; MALEKO BUSINESS
19  SERVICES; MAS MAC, INC.; MG-
    HILA, LLC; MY CHEVROLET, INC.;
20  ONEPACS, LLC; ORTON
    ENTERTAINMENT, LLC; POKE

**COMPLAINT FOR VIOLATION OF FEDERAL FALSE CLAIMS ACT**

**(Filed in camera and under seal)
(DO NOT PLACE ON PACER)**

**JURY TRIAL DEMANDED**



Case No.

1      HOUSE, INC.; PRIORITY
      ACQUISITIONS, INC.; QOTIENT,
2      INC.; RADEFF DESIGN STUDIOS;
      REDWOOD SERVICES, INC.;
3      ROOTS COMMUNITY HEALTH
      CENTER; SCC AT HOME, LLC;
4      SWEET THINGS; THE
      INDEPENDENT, LLC; THE ROMAN
5      CATHOLIC WELFARE
      CORPORATION OF OAKLAND;
6      TKK, LLC; and TREELINE
      SECURITY,
7

      Defendants.

8

      Plaintiff-Relator Bryan Quesenberry, acting *pro se*, on behalf of the United

9 States of America (the "Government" or the "Federal Government") and against

10 the above-named Defendants, alleges based upon personal knowledge, relevant

11 documents, information, and belief, as follows.

12
## **INTRODUCTION**
13

      1.      This is an action to recover damages and civil penalties on behalf of

14 the United States of America arising from false and/or fraudulent records,

15 statements, and claims made and caused to be made by Defendants and/or their

16 agents and employees, in violation of the federal False Claims Act, 31 U.S.C. §§

17 3729, *et seq*. **("the FCA")**.

18

      2.      This action seeks to recover millions of federal dollars wrongfully

19 loaned to Defendants through the Federal Government's Payroll Protection

20

1  Program **("PPP")**. The PPP provides a pathway to borrowers for forgiveness of

2  these loans.

3      3.      Pursuant to the PPP, the Federal Government has spent billions of

4  dollars in stimulus funding, as well as other federal funding, to support and aid

5  legitimate businesses through the coronavirus pandemic.

6      4.      This action alleges that certain Defendants applied multiple times for

7  PPP funds and received PPP funds multiple times despite the PPP application and

8  rules prohibiting applicants from receiving PPP funds more than once.

9      5.      The FCA was enacted during the Civil War, and was substantially

10  amended in 1986, and again in 2009 and 2010. Congress amended the FCA in

11  1986 to enhance the Federal Government's ability to recover losses sustained as a

12  result of fraud against the United States after finding that fraud in federal programs

13  was pervasive and that the FCA, which Congress characterized as a primary tool

14  for combating government fraud, was in need of modernization. The amendments

15  create incentives for individuals to come forward with information about fraud

16  against the Federal Government without fear of reprisals or inaction, and enable

17  the use of private legal resources to prosecute fraud claims on the Federal

18  Government's behalf.

19      6.      The FCA prohibits, *inter alia*: (1) knowingly presenting, or causing to

20  be presented, a false or fraudulent claim for payment or approval; and (2)

1   knowingly making or using, or causing to be made or used, a false or fraudulent

2   record or statement material to a false or fraudulent claim. 31 U.S.C. §§

3   3729(a)(1)(A), (B). Any person who violates the FCA is liable for a civil penalty

4   of up to $11,000 for each such claim, **plus three times the amount of the**

5   **damages** sustained by the Government. 31 U.S.C. § 3729(a)(1)(A) (as adjusted by

6   the Federal Civil Penalties Inflation Adjustment Act of 1990 [28 U.S.C. § 2461

7   note; Public Law 104-410]).

8       7.    In 2009, Congress amended the FCA to clarify that a "claim" includes

9   "any request or demand, whether under a contract or otherwise, for money or

10  property and whether or not the United States has title to the money or property

11  that (i) is presented to an officer, employee, or agent of the United States; or (ii) is

12  made to a contractor, grantee, or other recipient, if the money or property is to be

13  spent or used on the Government's behalf or to advance a Government program or

14  interest…" 31 U.S.C. § 3729(b)(2).

15      8.    The FCA allows any person having information about an FCA

16  violation to bring an action for himself and the Federal Government, and to share

17  in any recovery. The FCA requires that the complaint be filed under seal for a

18  minimum of 60 days (without service on Defendants during that time) to allow the

19  Federal Government time to conduct its own investigation and to determine

20  whether to join the suit.

9.      Based on the foregoing laws, *qui tam* Plaintiff/Relator seeks through this action to recover all available damages, civil penalties, and other relief for the violations alleged herein in every jurisdiction to which Defendants' misconduct has extended.

## **PARTIES**

10.     Plaintiff/Relator Bryan Quesenberry (**"Relator"**) is a resident of Utah. He brings this action on behalf of the United States of America, the real party in interest.

11.     Defendant Bay Wire, Inc. (**"Bay Wire"**) is a California entity doing business in Hayward, California. Bay Wire applied for PPP funds twice, and was approved for $150,000 – $350,000 on 4/27/2020 and approved for another $150,000 – $350,000 on 6/30/2020. Upon information and belief, this entity received these funds.

12.     Defendant Big Dog Construction (**"Big Dog"**) is a California entity doing business in Berkeley, California. Big Dog applied for PPP funds twice, and was approved for $150,000 – $350,000 on 4/30/2020 and approved for another $150,000 – $350,000 on 6/29/2020. Upon information and belief, this entity received these funds.

13.     Defendant Dynamic Integrated Solutions, LLC (**"Dynamic"**) is a California entity doing business in San Jose and/or Santa Clara, California.

1   Dynamic applied for PPP funds twice, and was approved for $350,000 - $1 million

2   on 4/30/2020 and approved for another $350,000 - $1 million on 5/1/2020. Upon

3   information and belief, this entity received these funds.

4       14.    Defendant Fillmore Street Restaurant Partners, LP (**"Fillmore"**) is a

5   California entity doing business in San Francisco, California. Fillmore applied for

6   PPP funds twice, and was approved for $150,000 – $350,000 on 5/3/2020 and

7   approved for another $150,000 – $350,000 on 5/6/2020. Upon information and

8   belief, this entity received these funds.

9       15.    Defendant G Family, Inc. (**"G Family"**) is a California entity doing

10  business in San Rafael, California. G Family applied for PPP funds twice, and was

11  approved for $350,000 - $1 million on 5/3/2020 and approved for another

12  $350,000 - $1 million on 5/3/2020. Upon information and belief, this entity

13  received these funds.

14      16.    Defendant Gio Cha Duc Huong Corporation (**"Gio Cha"**) is a

15  California entity doing business in San Jose, California. Gio Cha applied for PPP

16  funds twice, and was approved for $150,000 – $350,000 on 5/3/2020 and approved

17  for another $150,000 – $350,000 on 6/30/2020. Upon information and belief, this

18  entity received these funds.

19      17.    Defendant Infoworks.io, Inc. (**"Infoworks"**) is a California entity

20  doing business in Palo Alto, California. Infoworks applied for PPP funds twice,

1   and was approved for $1 – 2 million on 6/29/2020 and approved for another $1 – 2

2   million on 6/30/2020. Upon information and belief, this entity received these

3   funds.

4       18.    Defendant Iwamotoscott Architecture, LLP (**"Iwamotoscott"**) is a

5   California entity doing business in San Francisco, California. Iwamotoscott applied

6   for PPP funds twice, and was approved for $150,000 – $350,000 on 4/28/2020 and

7   approved for another $150,000 – $350,000 on 4/29/2020. Upon information and

8   belief, this entity received these funds.

9       19.    Defendant Karp Capital Management Corporation (**"Karp"**) is a

10  California entity doing business in San Francisco, California. Karp applied for PPP

11  funds twice, and was approved for $150,000 – $350,000 on 5/18/2020 and

12  approved for another $150,000 – $350,000 on 5/19/2020. Upon information and

13  belief, this entity received these funds.

14      20.    Defendant La Baguette, LLC (**"La Baguette"**) is a California entity

15  doing business in Palo Alto, California. La Baguette applied for PPP funds twice,

16  and was approved for $150,000 – $350,000 on 4/14/2020 and approved for another

17  $150,000 – $350,000 on 4/14/2020. Upon information and belief, this entity

18  received these funds.

19      21.    Defendant Laboratory Family Services, Inc. (**"Laboratory"**) is a

20  California entity doing business in Livermore, California. Laboratory applied for

1    PPP funds twice, and was approved for $350,000 - $1 million on 5/26/2020 and

2    approved for another $150,000 – $350,000 on 6/30/2020. Upon information and

3    belief, this entity received these funds.

4         22.    Defendant Lark Avenue Car Wash **("Lark Avenue")** is a California

5    entity doing business in Campbell, California. Lark Avenue applied for PPP funds

6    three times. It was approved for $350,000 - $1 million on 5/3/2020, approved for

7    another $350,000 - $1 million on 5/3/2020, and approved for $2 – 5 million on

8    5/3/20. Upon information and belief, this entity received these funds.

9         23.    Defendant Lightening Motors Corporation **("Lightening Motors")** is

10   a California entity doing business in San Jose, California. Lightening Motors

11   applied for PPP funds twice, and was approved for $150,000 – $350,000 on

12   4/28/2020 and approved for another $150,000 – $350,000 on 5/3/2020. Upon

13   information and belief, this entity received these funds.

14        24.    Defendant M5 Partners, Inc. **("M5 Partners")** is a California entity

15   doing business in Burlingame, California. M5 Partners applied for PPP funds

16   twice, and was approved for $350,000 - $1 million on 5/3/2020 and approved for

17   another $350,000 - $1 million on 5/3/2020. Upon information and belief, this entity

18   received these funds.

19        25.    Defendant Maleko Business Services **("Maleko")** is a California

20   entity doing business in Union City, California. Maleko applied for PPP funds

1  twice, and was approved for $150,000 – $350,000 on 4/10/2020 and approved for

2  another $350,000 - $1 million on 6/11/2020. Upon information and belief, this

3  entity received these funds.

4      26.     Defendant Mas Mac, Inc. (**"Mas Mac"**) is a California entity doing

5  business in Watsonville, California. Mas Mac applied for PPP funds twice, and

6  was approved for $350,000 - $1 million on 4/27/2020 and approved for another

7  $350,000 - $1 million on 4/30/2020. Upon information and belief, this entity

8  received these funds.

9      27.     Defendant MG-Hila, LLC (**"MG-Hila"**) is a California entity doing

10  business in San Francisco, California. MG-Hila applied for PPP funds twice, and

11  was approved for $1 - 2 million on 4/11/2020 and approved for another $2 - 5

12  million on 4/15/2020. Upon information and belief, this entity received these

13  funds.

14      28.     Defendant My Chevrolet, Inc. (**"My Chevrolet"**) is a California

15  entity doing business in Salinas, California. My Chevrolet applied for PPP funds

16  twice, and was approved for $1 - 2 million on 4/27/2020 and approved for another

17  $1 - 2 million on 5/3/2020. Upon information and belief, this entity received these

18  funds.

19      29.     Defendant Onepacs, LLC (**"Onepacs"**) is a California entity doing

20  business in Palo Alto, California. Onepacs applied for PPP funds twice, and was

1    approved for $150,000 – $350,000 on 4/28/2020 and approved for another

2    $150,000 – $350,000 on 5/3/2020. Upon information and belief, this entity

3    received these funds.

4        30.      Defendant Orton Entertainment, LLC **("Orton")** is a California entity

5    doing business in Emeryville and/or Richmond, California. Orton applied for PPP

6    funds twice, and was approved for $350,000 - $1 million on 4/27/2020 and

7    approved for another $150,000 – $350,000 on 4/28/2020. Upon information and

8    belief, this entity received these funds.

9        31.      Defendant Poke House, Inc. **("Poke House")** is a California entity

10    doing business in San Jose, California. Poke House applied for PPP funds twice,

11    and was approved for $150,000 – $350,000 on 4/27/2020 and approved for another

12    $150,000 – $350,000 on 5/1/2020. Upon information and belief, this entity

13    received these funds.

14        32.      Defendant Priority Acquisitions, Inc. **("Priority Acquisitions")** is a

15    California entity doing business in Castro Valley, California. Priority Acquisitions

16    applied for PPP funds twice, and was approved for $150,000 – $350,000 on

17    5/15/2020 and approved for another $150,000 – $350,000 on 5/21/2020. Upon

18    information and belief, this entity received these funds.

19        33.      Defendant Qotient, Inc. **("Qotient")** is a California entity doing

20    business in San Jose, California. Qotient applied for PPP funds twice, and was

1    approved for $350,000 - $1 million on 6/22/2020 and approved for another

2    $350,000 - $1 million on 6/30/2020. Upon information and belief, this entity

3    received these funds.

4        34.    Defendant Radeff Design Studios (**"Radeff"**) is a California entity

5    doing business in San Francisco, California. Radeff applied for PPP funds twice,

6    and was approved for $150,000 – $350,000 on 5/3/2020 and approved for another

7    $150,000 – $350,000 on 6/30/2020. Upon information and belief, this entity

8    received these funds.

9        35.    Defendant Redwood Services, Inc. (**"Redwood"**) is a California entity

10   doing business in Burlingame, California. Redwood applied for PPP funds twice,

11   and was approved for $150,000 – $350,000 on 4/30/2020 and approved for another

12   $150,000 – $350,000 on 5/3/2020. Upon information and belief, this entity

13   received these funds.

14       36.    Defendant Roots Community Health Center (**"Health Center"**) is a

15   California entity doing business in Oakland, California. Health Center applied for

16   PPP funds twice, and was approved for $1 - 2 million on 4/10/2020 and approved

17   for another $1 - 2 million on 4/27/2020. Upon information and belief, this entity

18   received these funds.

19       37.    Defendant SCC at Home, LLC (**"SCC"**) is a California entity doing

20   business in Campbell, California. SCC applied for PPP funds twice, and was

1   approved for $150,000 – $350,000 on 5/1/2020 and approved for another $150,000

2   – $350,000 on 6/30/2020. Upon information and belief, this entity received these

3   funds.

4       38.    Defendant Sweet Things **("Sweet Things")** is a California entity

5   doing business in Tiburon, California. Sweet Things applied for PPP funds twice,

6   and was approved for $150,000 – $350,000 on 5/3/2020 and approved for another

7   $150,000 – $350,000 on 5/3/2020. Upon information and belief, this entity

8   received these funds.

9       39.    Defendant The Independent, LLC **("Independent")** is a California

10  entity doing business in San Francisco, California. Independent applied for PPP

11  funds twice, and was approved for $150,000 – $350,000 on 5/3/2020 and approved

12  for another $150,000 – $350,000 on 5/3/2020. Upon information and belief, this

13  entity received these funds.

14      40.    Defendant The Roman Catholic Welfare Corporation of Oakland

15  **("Roman Catholic Welfare Corp.")** is a California entity doing business in

16  Oakland, California. Roman Catholic Welfare Corp. applied for PPP funds

17  approximately <u>25 times</u> on behalf of approximately 660 employees between

18  4/15/20 and 6/30/20. Upon information and belief, this entity received these funds.

19      41.    Defendant TKK, LLC **("TKK")** is a California entity doing business

20  in Livermore, California. TKK applied for PPP funds twice, and was approved for

1    $150,000 – $350,000 on 6/30/2020 and approved for another $150,000 – $350,000

2    on 6/30/2020. Upon information and belief, this entity received these funds.

3          42.     Defendant Treeline Security (**"Treeline"**) is a California entity doing

4    business in San Francisco, California. Treeline applied for PPP funds twice, and

5    was approved for $150,000 – $350,000 on 4/30/2020 and approved for another

6    $350,000 - $1 million on 5/3/2020. Upon information and belief, this entity

7    received these funds.

8          43.     The following is a chart summarizing Defendants:

9

| **AMOUNT** | **DEFENDANT** | **CITY** | **APP. DATE** |
|---|---|---|---|
| $150,000-350,000 | BAY WIRE, INC. | HAYWARD | 4/27/2020 |
| $150,000-350,000 | BAY WIRE, INC. | HAYWARD | 6/30/2020 |
| | | | |
| $150,000-350,000 | BIG DOG CONSTRUCTION | BERKELEY | 4/30/2020 |
| $150,000-350,000 | BIG DOG CONSTRUCTION | BERKELEY | 6/29/2020 |
| | | | |
| $350,000-1 million | DYNAMIC INTEGRATED SOLUTIONS, LLC | SAN JOSE | 5/1/2020 |
| $350,000-1 million | DYNAMIC INTEGRATED SOLUTIONS, LLC | SANTA CLARA | 4/30/2020 |
| | | | |
| $150,000-350,000 | FILLMORE STREET RESTAURANT PARTNERS LP | SAN FRANCISCO | 5/6/2020 |
| $150,000-350,000 | FILLMORE STREET RESTAURANT PARTNERS LP | SAN FRANCISCO | 5/3/2020 |
| | | | |
| $350,000-1 million | G FAMILY, INC. | SAN RAFAEL | 5/3/2020 |

| | | | |
|---|---|---|---|
| $350,000-1 million | G FAMILY, INC. | SAN RAFAEL | 5/3/2020 |
| | | | |
| $150,000-350,000 | GIO CHA DUC HUONG CORPORATION | SAN JOSE | 5/3/2020 |
| $150,000-350,000 | GIO CHA DUC HUONG CORPORATION | SAN JOSE | 6/30/2020 |
| | | | |
| $1-2 million | INFOWORKS.IO, INC. | PALO ALTO | 6/29/2020 |
| $1-2 million | INFOWORKS.IO, INC. | PALO ALTO | 6/30/2020 |
| | | | |
| $150,000-350,000 | IWAMOTOSCOTT ARCHITECTURE, LLP | SAN FRANCISCO | 4/29/2020 |
| $150,000-350,000 | IWAMOTOSCOTT ARCHITECTURE, LLP | SAN FRANCISCO | 4/28/2020 |
| | | | |
| $150,000-350,000 | KARP CAPITAL MANAGEMENT CORPORATION | SAN FRANCISCO | 5/18/2020 |
| $150,000-350,000 | KARP CAPITAL MANAGEMENT CORPORATION | SAN FRANCISCO | 5/19/2020 |
| | | | |
| $150,000-350,000 | LA BAGUETTE, LLC | PALO ALTO | 4/14/2020 |
| $150,000-350,000 | LA BAGUETTE, LLC | PALO ALTO | 4/14/2020 |
| | | | |
| $350,000-1 million | LABORATORY FAMILY SERVICES, INC. | LIVERMORE | 5/26/2020 |
| $150,000-350,000 | LABORATORY FAMILY SERVICES, INC. | LIVERMORE | 6/30/2020 |
| | | | |
| $2-5 million | LARK AVENUE CAR WASH | CAMPBELL | 5/3/2020 |
| $350,000-1 million | LARK AVENUE CAR WASH | CAMPBELL | 5/3/2020 |
| $350,000-1 million | LARK AVENUE CAR WASH | CAMPBELL | 5/3/2020 |
| | | | |
| $150,000-350,000 | LIGHTNING MOTORS CORPORATION | SAN JOSE | 5/3/2020 |
| $150,000-350,000 | LIGHTNING MOTORS CORPORATION | SAN JOSE | 4/28/2020 |
| | | | |

| | | | |
|---|---|---|---|
| $350,000-1 million | M5 PARTNERS, INC. | BURLINGAME | 5/3/2020 |
| $350,000-1 million | M5 PARTNERS, INC. | BURLINGAME | 5/3/2020 |
| | | | |
| $350,000-1 million | MALEKO BUSINESS SERVICES | UNION CITY | 6/11/2020 |
| $150,000-350,000 | MALEKO BUSINESS SERVICES | UNION CITY | 4/10/2020 |
| | | | |
| $350,000-1 million | MAS MAC, INC. | WATSONVILLE | 4/27/2020 |
| $350,000-1 million | MAS MAC, INC. | WATSONVILLE | 4/30/2020 |
| | | | |
| $2-5 million | MG-HILA LLC | SAN FRANCISCO | 4/15/2020 |
| $1-2 million | MG-HILA LLC | SAN FRANCISCO | 4/11/2020 |
| | | | |
| $1-2 million | MY CHEVROLET, INC. | SALINAS | 4/27/2020 |
| $1-2 million | MY CHEVROLET, INC. | SALINAS | 5/3/2020 |
| | | | |
| $150,000-350,000 | ONEPACS LLC | PALO ALTO | 5/3/2020 |
| $150,000-350,000 | ONEPACS LLC | PALO ALTO | 4/28/2020 |
| | | | |
| $350,000-1 million | ORTON ENTERTAINMENT LLC | EMERYVILLE | 4/27/2020 |
| $150,000-350,000 | ORTON ENTERTAINMENT LLC | RICHMOND | 4/28/2020 |
| | | | |
| $150,000-350,000 | POKE HOUSE, INC. | SAN JOSE | 5/1/2020 |
| $150,000-350,000 | POKE HOUSE, INC. | SAN JOSE | 4/27/2020 |
| | | | |
| $150,000-350,000 | PRIORITY ACQUISITIONS, INC. | CASTRO VALLEY | 5/21/2020 |
| $150,000-350,000 | PRIORITY ACQUISITIONS, INC. | CASTRO VALLEY | 5/15/2020 |
| | | | |

| | | | |
|---|---|---|---|
| $350,000-1 million | QOTIENT, INC. | SAN JOSE | 6/22/2020 |
| $350,000-1 million | QOTIENT, INC. | SAN JOSE | 6/30/2020 |
| $150,000-350,000 | RADEFF DESIGN STUDIOS | SAN FRANCISCO | 5/3/2020 |
| $150,000-350,000 | RADEFF DESIGN STUDIOS | SAN FRANCISCO | 6/30/2020 |
| $150,000-350,000 | REDWOOD SERVICES, INC. | BURLINGAME | 5/3/2020 |
| $150,000-350,000 | REDWOOD SERVICES, INC. | BURLINGAME | 4/30/2020 |
| $150,000-350,000 | ROMAN CATHOLIC WELFARE CORPORATION | SAN LEANDRO | 5/3/2020 |
| $150,000-350,000 | ROMAN CATHOLIC WELFARE CORPORATION | SANTA ROSA | 4/27/2020 |
| $150,000-350,000 | ROMAN CATHOLIC WELFARE CORPORATION | ALAMEDA | 5/1/2020 |
| $1-2 million | ROOTS COMMUNITY HEALTH CENTER | OAKLAND | 4/10/2020 |
| $1-2 million | ROOTS COMMUNITY HEALTH CENTER | OAKLAND | 4/27/2020 |
| $150,000-350,000 | SCC AT HOME LLC | CAMPBELL | 6/30/2020 |
| $150,000-350,000 | SCC AT HOME LLC | SUNNYVALE | 5/1/2020 |
| $150,000-350,000 | SWEET THINGS | TIBURON | 5/3/2020 |
| $150,000-350,000 | SWEET THINGS | TIBURON | 5/3/2020 |
| $150,000-350,000 | THE INDEPENDENT LLC | SAN FRANCISCO | 5/3/2020 |
| $150,000-350,000 | THE INDEPENDENT LLC | SAN FRANCISCO | 5/3/2020 |
| $2-5 million | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | OAKLAND | 4/15/2020 |

| | | | |
|---|---|---|---|
| $350,000-1 million | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | FREMONT | 4/28/2020 |
| $350,000-1 million | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | WALNUT CREEK | 4/28/2020 |
| $350,000-1 million | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | DANVILLE | 4/28/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | OAKLAND | 4/28/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | HAYWARD | 4/28/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | HAYWARD | 4/28/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | LAFAYETTE | 4/28/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | OAKLAND | 4/28/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | HAYWARD | 4/29/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | SAN LEANDRO | 4/29/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | PIEDMONT | 4/29/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | ANTIOCH | 4/27/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | FREMONT | 4/27/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | SAN LORENZO | 4/30/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | FREMONT | 4/27/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | RICHMOND | 4/30/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | HAYWARD | 4/28/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | NEWARK | 4/28/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | OAKLAND | 4/30/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | DUBLIN | 4/30/2020 |
| $150,000-350,000 | THE ROMAN CATHOLIC WELFARE CORPORATION OF OAKLAND | RODEO | 4/28/2020 |
| | | | |
| $150,000-350,000 | TKK LLC | LIVERMORE | 6/30/2020 |

| $150,000-350,000 | TKK LLC | LIVERMORE | 6/30/2020 |
|---|---|---|---|
| | | | |
| $350,000-1 million | TREELINE SECURITY | SAN FRANCISCO | 5/3/2020 |
| $150,000-350,000 | TREELINE SECURITY | SAN FRANCISCO | 4/30/2020 |

44.    According to the PPP application discussed below, owners of Defendants include partners or members owning 20% or more equity in the company. Upon information and belief, and after further discovery in this matter, Relator anticipates he will need to amend this Complaint to add in such owners or representatives as co-defendants if they were complicit in the fraudulent misrepresentations listed herein.

## JURISDICTION AND VENUE

45.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732, the latter of which specifically confers jurisdiction on this Court for actions brought pursuant to 31 U.S.C. §§ 3729 and 3730. Although this issue is no longer jurisdictional after the 2009 amendments to the FCA, to Realtor's knowledge there has been no statutorily relevant public disclosure of the "allegations or transactions" in this Complaint, as those concepts are used in 31 U.S.C. § 3730(e), as amended by Pub. L. No. 111-148, § 10104(j)(2), 124 Stat. 119, 901-02.

46.     Moreover, whether or not such a disclosure has occurred, Relator would qualify as an "original source" of the information on which the allegations or transactions in this Complaint are based. Plaintiff researched and discovered through a records request the pertinent dates of formation and other related entity information of each Defendant.

47.     This Court has personal jurisdiction over Defendants pursuant to 31 U.S.C. § 3732(a) because that section authorizes nationwide service of process and because Defendants are California entities.

48.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b)-(c) and 31 U.S.C. § 3732(a) because Defendants can be found in and/or transacted business in this district, and because violations of 31 U.S.C. §§ 3729 *et seq*. alleged herein occurred within this district. At all times relevant to this Complaint, Defendants regularly conducted substantial business within this district.

## THE PAYCHECK PROTECTION PROGRAM

49.     Congress added sections 1102 and 1106 of the Coronavirus Aid, Relief, and Economic Security Act **("CARES Act")**. Section 1102 contains a new program called the Paycheck Protection Program **("PPP")** and is party of the U.S. Small Business Administration's **("SBA")** 7(a) Loan Program. These two sections are intended to provide economic relief to small businesses nationwide adversely

1    impacted by the coronavirus pandemic and the COVID-19 Emergency Declaration

2    issued by President Trump on March 13, 2020.

3           50.    Due to the COVID-19 emergency, many small businesses nationwide

4    are experiencing economic hardship as a direct result of the Federal, State, and

5    local public health measures that are being taken to minimize the public's exposure

6    to the coronavirus.

7           51.    The SBA received funding and authority through the CARES Act to

8    modify existing loan programs and establish the new PPP loan program to assist

9    small businesses nationwide adversely impacted by the coronavirus pandemic.

10          52.    Section 1102 of the Act temporarily permits SBA to guarantee 100%

11   of 7(a) loans under the PPP. Section 1106 of the CARES Act provides for

12   forgiveness of up to the full principal amount of qualifying loans guaranteed under

13   the PPP.

14          53.    The CARES Act was intended to provide relief to America's small

15   businesses expeditiously.

16          54.    The CARES Act gives lenders delegated authority to process loan

17   applications for PPP funding. SBA allowed lenders to rely on certifications of the

18   borrowers in order to determine eligibility of the borrower and use of loan

19   proceeds, and to rely on specified documents provided by the borrower to

1  determine qualifying loan amount, and eligibility for loan forgiveness. Lenders are

2  held harmless for borrowers' failures to comply with PPP rules.

3      55.    Defendants had to submit documentation necessary to establish

4  eligibility such as payroll processor records, payroll tax filings, form 1099s,

5  income and expenses documentation.

6      56.    In general, Defendants calculated an amount to borrow by aggregating

7  payroll costs from the previous 12 months for employees whose principal place of

8  residence is the United States. Annual employee salaries are capped at $100,000.

9  The borrower then calculated the average monthly payroll cost and multiplied that

10  amount by a factor of 2.5.

11      57.    One certification on the Application states, "Current economic

12  uncertainty makes this loan request necessary to support the ongoing operations of

13  the Applicant."

14      58.    Each Defendant certified on its PPP applications that "[d]uring the

15  period beginning on February 15, 2020 and ending on December 31, 2020, ***the***

16  ***Applicant has not and will not receive another loan under the Paycheck***

17  ***Protection Program***." (Emphasis added.)

18      59.    Defendants also "further certify that the information provided in this

19  application and the information provided in all supporting documents and forms is

20  true and accurate in all material respects."

1    60.    Finally, all Applicants certify that they "understand that knowingly

2    making a false statement to obtain a guaranteed loan from SBA is punishable under

3    the law, including under 18 USC 1001 and 3571 by imprisonment of not more than

4    five years and/or a fine of up to $250,000; under 15 USC 645 by imprisonment of

5    not more than two years and/or a fine of not more than $5,000; and, if submitted to

6    a federally insured institution, under 18 USC 1014 by imprisonment of not more

7    than thirty years and/or a fine of not more than $1,000,000."

8                                    **ALLEGATIONS**

9    61.    According to the Small Business Administration (SBA), California-

10   based entities who applied for and received at least $150,000 in PPP funds totaled

11   approximately 87,691.

12   62.    Plaintiff reviewed and analyzed data from the SBA to identify

13   California-based entities who applied more than once for PPP funds. Plaintiff then

14   cross-checked that data with the California Secretary of State's website to confirm

15   various data points and information and fully identify entities who unlawfully

16   applied more than once for PPP funds. The result was the above-named Defendants

17   for this federal district of California.

18   63.    Defendants each certified on their PPP applications that "[d]uring the

19   period beginning on February 15, 2020 and ending on December 31, 2020, the

1   Applicant has not and will not receive another loan under the Paycheck Protection

2   Program."

3       64.     Also, according to the application, Defendants cannot have more than

4   500 employees to be eligible for PPP funds.

5       65.     Defendants thus made material misrepresentations on their

6   applications for PPP funds, knowing lenders and the Federal Government would

7   rely on said representations in paying PPP funds to Defendants.

8       66.     Relator reserves the right to amend this Complaint and expand these

9   allegations upon review of the actual applications and supporting documentation

10  submitted by Defendants.

11                          **False Claims Act**

12                  **31 U.S.C. § 3729(a)(1)(A)-(B)**

13      67.     Relator realleges and incorporates by reference the allegations

14  contained in the foregoing paragraphs as though fully set forth herein.

15      68.     This is a claim for treble damages and penalties under the False

16  Claims Act, 31 U.S.C. § 3729, *et seq*., as amended.

17      69.     By virtue of the acts described above, Defendants knowingly

18  presented or caused to be presented, false or fraudulent claims to the United States

19  Government, or authorized agent of the United States Government, for payment or

20  approval.

1    70.    By virtue of the acts described above, Defendants knowingly made or

2    used, or caused to be made or used, false or fraudulent records or statements

3    material to false or fraudulent claims for payment by the Government.

4    71.    Relator cannot at this time identify all of the false claims for payment

5    that were caused by Defendants' conduct. The false claims were presented to third

6    party lending institutions. Relator does not have access to the records of all such

7    false or fraudulent statements or claims.

8    72.    Lenders, acting on behalf of the Federal Government, were

9    guaranteed 100% of the PPP loans. Said lenders were unaware of the falsity of the

10    records, statements, and claims made or caused to be made by Defendants. Said

11    lenders paid the claims that would not be paid but for Defendants' illegal conduct.

12    73.    By reason of Defendants' acts, the United States has been damaged,

13    and continues to be damaged, in a substantial amount to be determined at trial.

14    74.    Additionally, the United States is entitled to the maximum penalty of

15    up to $11,000 for each and every violation arising from Defendants' unlawful

16    conduct alleged herein.

17    **<u>PRAYER</u>**

18    WHEREFORE, *qui tam* Plaintiff/Relator prays for judgment against each

19    Defendant as follows:

1.  That this Court enter judgment against each Defendant in an amount equal to three times the damages the United Sates has sustained because of Defendant's actions, plus a civil penalty of not less than $5,500 and not more than $11,000 for each violation of 31 U.S.C. § 3729;

2.  That Relator be awarded the maximum amount allowed pursuant to 31 U.S.C. § 3730(d);

3.  That Relator be awarded all costs of this action, including attorney's fees and expenses; and

4.  That Relator recover such other relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.

Dated: 9/7/2020                    Respectfully submitted,

_____

Bryan Quesenberry
*Plaintiff/Relator*